UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-1402
(1:23-cv-01325-AJT-IDD)
_____

C.D., JR.; AMBER REEL

      Plaintiffs - Appellants

v.

STEPHEN THOMAS DESCANO, JR., in his individual capacity, as Attorney for the Commonwealth for Fairfax County, Virginia

      Defendant - Appellee

_____

## OPPOSITION TO APPELLANTS' MOTION FOR EXTENSION

_____

COMES NOW the Appellee, Stephen Thomas Descano, Jr., by and through undersigned counsel and hereby opposes the Appellants' Motion for Extension of Briefing Deadlines. In support thereof, Appellee states the following:

### BACKGROUND

On April 11, 2023, Appellants filed their notice of appeal in the district court. The same day Appellants noted their appeal, Appellants filed a Complaint against Appellee premised on the same issues in the Circuit Court for Fairfax County (the "Second Lawsuit"). The appeal was docketed on April 13, 2023.

On May 3, 2023, this Court issued the briefing schedule with the joint appendix and opening brief due June 12, 2023, and the response brief due July 12, 2023. (Dkt. No. 9). On May 12, 2023, the briefing schedule was extended with the joint appendix and opening briefing due on June 26, 2023, and the response brief due on July 26, 2023. (Dkt. No. 11). On May 24, 2023, the Fairfax County Circuit Court judges recused themselves from Appellants' case. On June 13, 2023, the briefing schedule was extended with the joint appendix and opening briefing due on August 9, 2023, and the response brief due on September 13, 2023. (Dkt. No. 12).

The Second Lawsuit remains in the pleadings stage, with a plea in bar and demurrer pending until the newly assigned judge sets it to be heard.

## **ARGUMENT**

Appellants' Motion seeks to extend the briefing schedule for an improper purpose and should be denied because it is nothing more than a litigation tactic. Appellee's pending plea in bar is premised on res judicata as a result of the claims and issues litigated in the instant case. There is one wrinkle that exists with respect to the procedural posture of res judicata, which is this pending appeal. In Virginia, although not typically elsewhere, "a judgment is not final for the purposes of res judicata . . . when it is being appealed . . . ." *Kyhl v. Kyhl,* 32 Va. App. 53, 59, 526 S.E.2d 292, 295 (2000).

A typical remedy in Virginia is to stay the subsequent case to allow the pending appeal to be litigated, prior to ruling on the res judicata claim preclusion issue. *See Williams v. Williams*, 102 Va. Cir. 491 (City of Hopewell, Sept. 19, 2018) (citing *Spiller v. Wells*, 96 Va. 598, 600, 32 S.E. 46, 47 (1899) and *Wallinger v. Kelly*, 136 Va. 547, 570, 117 S.E. 850, 857 (1923)). In essence, under Virginia law, a plaintiff may delay a res judicata ruling, but not "vex" a defendant by requiring him to be "put to the expense of preparing for trial in two proceedings." *Wallinger*, 136 Va. at 570, 117 S.E. at 857.

There are essentially three potential scenarios resulting from both of Appellants' cases. In the first scenario, should this Court uphold the dismissal, the wrinkle to the plea of res judicata would be removed from the Second Lawsuit. In the second scenario, should this Court reverse the dismissal and remand for further proceedings, the proper action would be for Appellants to amend their federal complaint to add the defamation claim advanced in Second Lawsuit. In the third scenario, if Fairfax County Circuit Court were to adjudicate the Second Lawsuit prior to this appeal being decided, then this appeal could then become subject to res judicata and require dismissal. *See Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019) ("In considering the preclusive effect of an earlier state court judgment on a new claim, we apply the preclusion law of the State in which judgment was rendered").

Ultimately, the possible litigation arcs only point in one direction with respect to the preclusive effects of res judicata on these complaints over the identical set of facts. There is no circumstance where this case or the Second Lawsuit does not get dismissed due to res judicata, eventually. Accordingly, this appeal should move forward without any further extensions or delay while Appellants attempt to figure out how to best leverage one litigation over the other.

## **CONCLUSION**

For the reasons stated above, the Court should deny Appellant's motion.

Respectfully Submitted,

_____/s/_____
Alexander Francuzenko, Esq., VSB #36510
Philip C. Krone, Esq., VSB #87723
Thea A. Paolini, Esq., VSB #95925
Cook, Craig, & Francuzenko, PLLC
3050 Chain Bridge Road, Suite # 200
Fairfax, VA 22030
(T): 703.865.7480 (F): 703.434.3510
alex@cookcraig.com
pkrone@cookcraig.com
tpaolini@cookcraig.com
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing Opposition to Appellants' Motion for Extension of Briefing Deadlines upon the following via ECF notification this the 20th day of July, 2023:

Rami Zahr, Esq.
EIRENE LAW FIRM, P.L.L.C.
131 Park Street, NE Suite 8-A
Vienna, Virginia 22180
(703) 940-1744 (office)
(703) 940-0043 (fax)
Rami.zahr@eirenelaw.com
Counsel for Plaintiffs-Appellants

\_\_\_\_/s/_____
Alexander Francuzenko, Esq., VSB #36510
Philip C. Krone, Esq., VSB #87723
Thea A. Paolini, Esq., VSB #95925
Cook, Craig, & Francuzenko, PLLC
3050 Chain Bridge Road, Suite # 200
Fairfax, VA 22030
(T): 703.865.7480 (F): 703.434.3510
alex@cookcraig.com
pkrone@cookcraig.com
tpaolini@cookcraig.com
*Counsel for Appellant*